UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUDOLPH BETANCOURT, Individually, :
:
    Plaintiff, :
:
vs. :
:
WELLS FARGO BANK, N.A., :
d/b/a Wells Fargo Bank, :
:
    Defendant. :
_____/ :

# COMPLAINT
*(For Injunctive Relief)*

Plaintiff, RUDOLPH BETANCOURT, Individually, and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, WELLS FARGO BANK, N.A., doing business as Wells Fargo Bank (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

1. Plaintiff, Rudolph Betancourt, resides in Fenwick, MI, in the County of Montcalm.

2. Defendant Wells Fargo Bank, N.A.'s properties, are located at the following addresses:

| | |
|---|---|
| Wells Fargo Bank<br>4875 N. Federal Highway<br>Fort Lauderdale, FL 33308<br>Broward County | Wells Fargo Bank<br>4900 Okeechobee Boulevard<br>West Palm Beach, FL 33417<br>Palm Beach County |
| Wells Fargo Bank<br>301 SE Ocean Boulevard,<br>Stuart, FL 34994<br>Martin County | Wells Fargo Bank<br>5030 Linton Blvd.<br>Delray Beach, FL 33484<br>Palm Beach County |

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's properties are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also*, 28 U.S.C. § 2201 and § 2202.

5. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

6. Mr. Betancourt regularly travels to South Florida from Michigan, where he resides. When in South Florida, Mr. Betancourt regularly visits many areas in Florida, including Palm Beach County, Martin County, and Broward County, where he often travels for vacation and to visit his aunt who lives nearby, and also to enjoy the weather, the plethora of tourist attractions, and dining establishments that the area offers, and to advocate for disability rights.

7. Mr. Betancourt has been to the subject bank branches both to transact business and to advocate for disability rights on behalf of Disabled Patriots of America, Inc., an advocacy group for which he serves as President. Mr. Betancourt desires to bank at Wells Fargo Bank because of the Bank's large presence throughout the United States, including the South Florida area. Mr. Betancourt frequently travels throughout the United States and often South Florida, and requires a bank where he can conveniently transact business, personally and on behalf of Disabled Patriots of America, Inc., during his travels in the area.

8. The barriers to access at the subject properties have endangered his safety.

9. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the properties as described. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to return to these branches of Wells Fargo Bank not only to avail himself of the goods and services available at the properties, but to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

11. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, *et seq*., as described in paragraphs 19 through 74.

12. Title III requires public accommodations built for first occupancy after January 26, 1993, to be readily accessible to and useable by in individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. part 36, app A 42 U.S.C. § 12182(a)(1); 28 C.F.R. 36.401, 36.406(a).

13. Title III also requires alterations to public accommodations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and useable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 CFR §§ 36.402, 403, 36.406(a).

14. Structures that existed before January 26, 1992, or facilities that the present owner did not design or construct, and which have not been altered since that date, need not meet the same design and implementation standards as facilities build after January 26, 1993. In such cases, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers …. where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) "Where removal is not readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA. 42 U.S.C. § 12182 (b)(2)(A)(iv).

15. The ADA defines readily achievable as "easily accomplishable and without much difficult or expenses." 42 U.S.C. §12181(9)

16. Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006)

17. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required

because of changed circumstances. DOJ <u>ADA Title III Technical Assistance Manual</u>, Section III-4.4400 Continuing obligation.

18. A preliminary inspection of the subject properties has shown that violations exist. These violations that Plaintiff has personally encountered or observed, and which were verified by an ADA expert, include but are not limited to:

**Wells Fargo Bank branch located at 4875 N. Federal Highway, Fort Lauderdale, FL 33308**

19. There is no accessible route of travel from the public way making it difficult for the plaintiff to traverse, in violation of section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

20. The access aisle contains loose gravel, weeds, and is need of maintenance making it difficult for the plaintiff to traverse, in violation of section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

21. The accessible parking space is missing the International Symbol of Accessibility (ISA) signage making it difficult for the plaintiff to locate the accessible parking, in violation of sections 502.6 and 703 in the 2010 ADA Standards, whose resolution is readily achievable.

22. The lavatory has mirrors that exceed the maximum height allowance of 40 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 603.3 in the 2010 ADA Standards, whose resolution is readily achievable.

23. The plaintiff had difficulty utilizing the trash receptacle due to the height exceeding 48 inches above the finish floor for a side or a forward approach, in violation of sections 308.2.1, 308.3.1, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

24. The lavatory has exposed, non-insulated water supply lines and pipes making it difficult for the plaintiff to utilize without caution, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

25. The lavatory does not provide clear floor space underneath for a forward approach making it difficult for the plaintiff to utilize, in violation of sections 305, 306, and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.

26. The rim of the wall-hung urinal is above the maximum height allowance of 17 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 605.2 in the 2010 ADA Standards, whose resolution is readily achievable.

27. There is not one accessible toilet compartment provided making it difficult for the plaintiff to utilize the men's restroom, in violation of sections 213.3.1 and 604.8.1 of the 2010 ADA Standards, whose resolution is readily achievable.

28. The toilet compartment does not provide 60 inches of width measured perpendicular to the side wall and 59 inches deep making it difficult for the plaintiff to utilize, in violation of section 604.8.1.1 in the 2010 ADA Standards, whose resolution is readily achievable.

29. The flush control handle is located on the wall side of the toilet making it difficult for the plaintiff to utilize, in violation of section 604.6 in the 2010 ADA Standards, whose resolution is readily achievable.

30. The toilet compartment does not provide compliant grab bars making it difficult for the plaintiff to transfer to the toilet, in violation of section 604.5 in the 2010 ADA Standards, whose resolution is readily achievable.

31. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

**Wells Fargo Bank branch located at 4900 Okeechobee Blvd., West Palm Beach, FL  33417**

32. The parking stall has an uneven surface making it difficult for the plaintiff to traverse, in violation of section 502.4 in the 2010 ADA Standards, whose resolution is readily achievable.

33. There are changes in level where the access aisle meets the bottom of the ramp landing making it difficult for the plaintiff to traverse, in violation of sections 302 and 405.4 in the 2010 ADA Standards, whose resolution is readily achievable.

34. The side wall grab bar does not extend 54 inches minimum from the rear wall making it difficult for the plaintiff to utilize, in violation of section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

35. The trash receptacle is obstructing the 56 inches of clearance around the toilet measured perpendicular from the side wall making it difficult for the plaintiff to utilize, in violation of section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

36. The toilet is obstructing the clear floor space for an approach to the toilet seat cover dispenser making it difficult for the plaintiff to utilize, in violation of sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

37. The toilet seat cover dispenser is obstructing the 12 inches of spacing above the rear wall grab bar making it difficult for the plaintiff to operate, in violation of section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

38. The paper towel dispenser exceeds the maximum height allowance of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1, 308.3.1 and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Wells Fargo branch located at 5030 Linton Boulevard, Delray Beach, FL 33484**

39. The plaintiff had difficulty traversing the accessible route to the main entrance from the accessible parking space due to the vertical change in level exceeding the maximum requirement of ¼ inch where the street meets the walkway, in violation of section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

40. The customer service counter exceeds the maximum height requirement of 36 inches making it difficult for the plaintiff to reach the top of the counter, in violation of section 904.4.1 and 904.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

41. The restroom does not provide compliant signage with the international symbol of accessibility (ISA) and braille as required making it difficult for the plaintiff to identify the accessible restroom, in violation of sections 216.8 and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

42. The pull door to exit the restroom does not provide 18 inches of latch side maneuvering clearance making it difficult for the plaintiff to utilize, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

43. The mirror exceeds the maximum height requirement of 40 inches making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

44. The plaintiff had to use caution when utilizing the lavatory due to the drain pipe and water supply lines being exposed and in need of insulation, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

45. The toilet compartment stall door is not self-closing as required making it difficult for the plaintiff to utilize, in violation of section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

46. The trash receptacle is obstructing the door's 42 inches of perndicular maneuvering clearance making it difficult for the plaintiff to utilize the toilet compartment stall door, in violation of sections 404.2.1 and 604.8.2.2 in the 2010 ADA Standards, whose resolution is readily achievable.

47. The coat hook exceeds the maximum height requirement of 48 inches above the finish floor making it difficult to for the plaintiff to utilize, in violation of section 603.4 in the 2010 ADA Standards, whose resolution is readily achievable.

48. The u-pull is missing on the inside of the toilet compartment stall door making it difficult for the plaintiff to utilize, in violation of section 604.8.2.2 in the 2010 ADA Standards, whose resolution is readily achievable.

49. The toilet compartment stall does not provide the 60 inches of turning space making it difficult for the plaintiff to utilize, in violation of section 304.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

50. The floor drain has a vertical change in level that exceeds ¼ inch making it difficult for the plaintiff to traverse the restroom, in violation of section 305.2 in the 2010 ADA Standards, whose resolution is readily achievable.

51. The toilet compartment stall is not the compliant size making it difficult for the plaintiff to utilize, in violation of section 604.8.1 in the 2010 ADA Standards, whose resolution is readily achievable.

52. The path of travel to the urinal does not provide 36 inches of clear width as required making it difficult for the plaintiff to utilize, in violation of sections 305, 305.7.1, and 806.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Wells Fargo Bank located at 301 SE Ocean Boulevard, Stuart, FL  34994**

53. The raised island does not provide a cut through level with the street making it difficult for the plaintiff to traverse the accessible route to the main entrance, in violation of section 406.7 in the 2010 ADA Standards, whose resolution is readily achievable.

54. The facility does not maintain the elements that are required to be readily accessible and useable by persons with disabilities in violation of section 36.211 of the 28 CFR Part 36, whose resolution is readily achievable.

55. The accessible route does not provide a continuous path of travel connecting all parking, buildings, and elements of the facility making it difficult for the plaintiff to traverse, in violation of sections 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

56. The accessible route has vertical changes in level that exceed ¼ inch making it difficult for the plaintiff to traverse from the accessible parking to the main entrance, in violation of section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

57. Then trash receptacle is obstructing the 36 nches of clear width on the path of travel to the main entrance making it difficult for the plaintiff to traverse, in violation of section 305.7.1 in the 2010 ADA Standards, whose resolution is readily achievable.

58. The customer service counter exceeds the maximum height requirement of 36 inches making it difficult for the plaintiff to utilize, in violation of section 904.4.1 and 904.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

59. The restroom does not provide compliant signage with the international symbol of accessibility (ISA) and braille as required making it difficult for the plaintiff to identify the accessible restroom, in violation of sections 216.8 and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

60. The pull door to exit the restroom does not provide 18 inches of latch side maneuvering clearance making it difficult for the plaintiff to utilize, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

61. The soap dispenser exceeds the maximum height requirement of 48 inches making it difficult for the plaintiff to utilize, in violation of sections 308, 309.3, and 606.1 of the 2010 ADA Standards, whose resolution is readily achievable.

62. The toilet compartment stall door is not self-closing as required making it difficult for the plaintiff to utilize, in violation of section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

63. The coat hook exceeds the maximum height requirement of 48 inches above the finish floor making it difficult to for the plaintiff to utilize, in violation of section 603.4 in the 2010 ADA Standards, whose resolution is readily achievable.

64. The toilet compartment stall does not provide the 60 inches of turning space making it difficult for the plaintiff to utilize, in violation of section 304.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

65. The floor drain has a vertical change in level that exceeds ¼ inch making it difficult for the plaintiff to traverse the restroom, in violation of section 305.2 in the 2010 ADA Standards, whose resolution is readily achievable.

66. The toilet compartment stall is not the compliant size making it difficult for the plaintiff to utilize, in violation of section 604.8.1 in the 2010 ADA Standards, whose resolution is readily achievable.

67. The flush control is located on the non-open side of the toilet making it difficult for the plaintiff to utilize, in violation of section 604.6 of the 2010 ADA Standards, whose remediation is readily achievable.

68. The path of travel to the urinal does not provide 36 inches of clear width as required making it difficult for the plaintiff to utilize, in violation of sections 305, 305.7.1, and 806.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

69. The rear wall grab for the water closet is missing making it difficult for the plaintiff to utilize in violation of section 604.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

70. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

71. Mr. Betancourt first visited the Fort Lauderdale Wells Fargo Bank branch on March 29, 2022. His purpose of going to that branch at that time was to open an account and to check for accessibility for the disabled. Because of COVID-19, Mr. Betancourt was given a business card and asked to make an appointment. He subsequently visited the other branches and was able to open account to conduct personal business and business on behalf of Disabled

Patriots of America, Inc., a disability advocacy group of which he is President.  Mr. Betancourt plans to return to the area and visit these branches to conduct banking activities in early September, 2022, and regularly thereafter.

72. Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access set forth herein.  The individual Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

73. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 *et seq*., and 28 C.F.R. 36.302 *et seq*.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

74. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205, and 28 C.F.R. 36.505. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Wells Fargo Bank to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities as set forth herein; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to

maintain its accessible features on an ongoing basis.

  E. Such other relief as the Court deems just and proper and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 26, 2022      Respectfully submitted,

              */s/ John P. Fuller*
              John P. Fuller, Esq.
              Florida Bar No. 0276847
              Brandon A. Rotbart, Esq., Of Counsel
              Florida Bar No. 124771
              FULLER, FULLER & ASSOCIATES, P.A.
              12000 Biscayne Blvd., Suite 502
              North Miami, FL 33181
              (305) 891-5199
              (305) 893-9505 – Facsimile
              jpf@fullerfuller.com
              jpfuller17@gmail.com
              Rotbart@rotbartlaw.com

              Counsel for Rudolph Betancourt